ated company as provided by 15 USC § 80a-2 (a) (2) and (3) of the Investment Company Act, unanimously affirmed, with costs.

At the close of a private mediation, counsel for the parties executed an agreement which provided, in part, that they had "fully and completely resolved the dispute" and released one another from any and all claims, and that the agreement was "final and binding," and "enforceable in any court of law of general jurisdiction." Plaintiff also agreed to execute a confidentiality agreement and an "agreement not to seek future employment with Wilco and its affiliated companies."

The motion court correctly found that the mediation agreement is a valid settlement agreement, with no basis to invalidate it. It is in writing and executed (see CPLR 2104), and the language of the mediation agreement manifests the intent of the parties to be bound by its terms and sets forth all the material terms of the contract (see Bed Bath & Beyond Inc. v IBEX Constr., LLC, 52 AD3d 413 [2008]). The fact that it is necessary for the parties to exchange general releases and execute a confidentiality agreement does not render the agreement invalid (see Tooker v Castille, 260 AD2d 298 [1999]; see also Friedman v Garey, 8 AD3d 129 [2004]).

Furthermore, it was an appropriate exercise of discretion for the court to clarify the term "affiliate" by referencing a statutory definition of that term (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91-92 [1991]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 32391(U).]**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TOLBERT, Appellant. [915 NYS2d 512]—An appeal having been taken to this Court by the above-named appellant from a judgment of resentence of the Supreme Court, New York County (Ruth Pickholz, J.), rendered on or about March 24, 2010, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMEL MOMPOINT, Appellant. [915 NYS2d 512]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Ronald Zweibel, J.), rendered on or about October 22, 2009, and said